# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
RAE JEAN LEONARD,              *
                               *    No. 18-1495V
            Petitioner,        *    Special Master Christian J. Moran
                               *
v.                             *    Filed: November 19, 2019
                               *
SECRETARY OF HEALTH            *    Entitlement, dismissal
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
* * * * * * * * * * * * * * * * * * * *
```

Bridget C. McCullough, Muller Brazil, LLP, Dresher, PA, for petitioner;
Amy P. Kokot, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Rae Jean Leonard alleged that an influenza vaccination she received on November 25, 2015, caused her to develop Guillain-Barré syndrome ("GBS"). Pet., filed Sept. 27, 2018, Preamble. On November 2, 2019, Ms. Leonard moved for a decision dismissing her petition.

### I.  Procedural History

Ms. Leonard filed a petition on September 27, 2018, and soon thereafter filed a statement of completion. Due to the Secretary's backlog in reviewing cases, Ms. Leonard was ordered to file a status report identifying any instances where a doctor attributed her injuries to the influenza vaccination. Order, issued Mar. 8, 2019.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

On April 25, 2019, Ms. Leonard filed a status report indicating that the medical records did not contain any statements directly linking the vaccination with her injuries but identified some instances noting a temporal association between the vaccination and her injuries.  At a status conference on May 30, 2019, Ms. Leonard stated that she would need an expert to clarify her diagnosis, and the Secretary estimated that he would be able to determine the completeness of the record in 60 days.  The undersigned issued draft expert instructions, and Ms. Leonard was ordered to file a status report advising whom she had retained as an expert.  Order, issued June 4, 2019.

On July 16, 2019, Ms. Leonard filed a status report advising that she had retained Dr. Nizar Souyah to opine in this case.  Ms. Leonard was ordered to file a status report in 45 days indicating Dr. Souyah's progress in reviewing the record.  Order, issued July 19, 2019.  On August 9, 2019, the Secretary filed a status report confirming that the record was complete and proposed filing his Rule 4 report in 60 days.

On September 3, 2019, Ms. Leonard filed a status report explaining that Dr. Souyah was no longer available to opine on this case and proposed advising on a new expert's progress on reviewing the case in 30 days.  On October 4, 2019, Ms. Leonard filed a status report indicating that she has been unable to retain a new expert and proposed filing an update on how she intended to proceed in 30 days.  Ms. Leonard noted in the status report that filing an expert report was a necessity to proceeding with her claim.

On November 2, 2019, Ms. Leonard moved for a decision dismissing her petition.  The Secretary advised by informal communications that he would not be filing a response.  This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine.  See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa—

13(a)(1).  If the medical records do not sufficiently support a petitioner's claim, a medical opinion must be offered in support.  Ms. Leonard alleged that she suffered a "Table Injury," GBS caused by an influenza vaccination.  42 C.F.R. § 100.3(a)(XIV)(D).

At the May 30, 2019 status conference, Ms. Leonard admitted that she needed an expert to clarify her diagnosis before the case could move forward.  Ms. Leonard was unable to retain an expert to provide an opinion.  In her motion to dismiss, Ms. Leonard conceded that "she will be unable to prove that she is entitled to compensation in the Vaccine Program."  Pe't'r's Mot., filed Nov. 2, 2019, at 1.

In light of Ms. Leonard's concession that this case is not compensable and a review of the entire record, the undersigned finds that Ms. Leonard has not established a Table Injury of the influenza vaccine causing GBS.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran  
Christian J. Moran  
Special Master